IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRAVIS W. FOUTS, | |
| Plaintiff, | |
| v. | Case No. 21-2535-JAR-TJJ |
| TD BANK USA, N.A., et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiff Travis W. Fouts, a Kansas consumer, brings this removal action for damages under the Fair Credit Reporting Act ("FCRA"), alleging that Defendants TD Bank USA, N.A. ("TD Bank") and Discover Products Inc. ("Discover"), as "furnishers" of consumer credit information, reported Plaintiff as responsible for credit cards that he neither opened nor had any knowledge of. Plaintiff's FCRA claims also name several other banks and credit reporting agencies as Defendants. Plaintiff alleges that these credit card accounts were opened by his ex-wife, Shannon Weatherall (f/k/a Shannon Fouts), without his authorization, knowledge, or consent. Defendants TD Bank and Discover each filed Third-Party Complaints against Weatherall alleging state-law claims for fraud, and seeking indemnity and contribution.[1] Now before the Court is Plaintiff's Motion to Strike Third-Party Complaints (Doc. 52). After the motion became fully briefed, Plaintiff filed a Notice of Settlement with Discover.[2] Thus, the motion is moot as it pertains to Discover's Third-Party Complaint, but the Court is prepared to

---

[1] Docs. 35, 46.
[2] Doc. 104.

rule on the motion as it pertains to TD Bank's Third-Party Complaint. As described more fully below, Plaintiff's motion to strike TD Bank's Third-Party Complaint is granted.

**I.      Background**

According to the Petition, Plaintiff was married to Weatherall on July 1, 2016. Unbeknownst to Plaintiff, Weatherall opened multiple credit cards in Plaintiff's name issued by Defendants Bank of America, Barclay's Bank, JP Morgan Chase Bank, Discover Bank, Synchrony Bank, and TD Bank. These accounts are a product of identity theft; Plaintiff did not authorize anyone to use his name or personal information to obtain money, credit, loans, goods, or services—or for any other purpose. Plaintiff and Weatherall were divorced on September 11, 2020. Their divorce decree did not address the accounts opened by Defendants Bank of America, Barclay's Bank, JP Morgan Chase Bank, Discover Bank, Synchrony Bank, and TD Bank because Plaintiff was unaware of these accounts.

Plaintiff disputed the fraud directly with TD Bank, and with the Defendant credit reporting agencies. Trans Union informed Plaintiff that TD Bank reverified that the debt belonged to Plaintiff and should remain on the Plaintiff's credit reports. The Petition alleges violations of the FCRA by TD Bank for failing to respond to reinvestigation requests, failing to use reasonable procedures to reinvestigate Plaintiff's disputes, and failing to supply accurate and truthful information to credit reporting agencies.[3] Plaintiff seeks statutory, actual, and punitive damages, and attorneys' fees and costs for these statutory violations.

TD Bank's Third-Party Complaint alleges that Weatherall applied for and procured a Target-branded credit card in Plaintiff's name on January 21, 2019. The application listed Plaintiff's name, date of birth, social security number, current address, and previous address; it

---

[3] *See* 15 U.S.C. §§ 1681n, 1681o, 1681e(b), 1681i, 1681s-2(b).

was signed, certifying that the information was accurate. On May 13, 2019, an amount became past due on the Target credit card and TD Bank furnished information to certain consumer reporting agencies about the account's payment history, including past-due payments. On June 25 and September 3, 2021, Target processed disputes received from Trans Union about the accuracy of information provided to consumer reporting agencies by Target on TD's behalf about Plaintiff. The dispute was that the account was fraudulently opened. Both times Target investigated and concluded that the account was not fraudulently opened.

In the Third-Party Complaint, TD Bank alleges a single claim for relief against Weatherall for fraud. It alleges that while it does not know whether the credit card application was submitted by Plaintiff himself, or by Weatherall on his behalf, its claim "is based on the alternative that Mr. Fouts's petition correctly blames Ms. Weatherall for opening and using the Target credit-card account without his knowledge or consent."[4] Under such circumstances, TD Bank alleges that Weatherall's conduct amounted to fraud. TD Bank's prayer for relief demands judgment against Weatherall as follows:

> (a) for indemnity for, or contribution toward, its expenses incurred in defending against the claims in Mr. Fouts's lawsuit;
> (b) for indemnity for, or contribution toward, any liability or settlement in connection with those claims;
> (c) for its costs and disbursements; and
> (d) for such other and further relief as may be just and equitable.[5]

## II.   Standard

Under Fed. R. Civ. P. 14(a), "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." And under Rule 14(a)(3), the third-party plaintiff may assert "any claim arising out

---

[4] Doc. 35 ¶ 27.

[5] *Id.* at 7–8.

of the transaction or occurrence that is the subject matter of the plaintiff's claims against the third-party plaintiff." Rule 14 is typically used in two situations: "(1) where a tortfeasor is seeking contribution from a joint tortfeasor, and (2) where an insured is pursuing indemnification."[6] The third-party plaintiff's "claim cannot simply be a related claim or one arising against the same general background, but must be based on the [plaintiff's] claim of liability against him."[7] "Indeed, the provision for impleading parties under Rule 14(a) is narrow as the third-party claim must be derivative of the original claim."[8] "[I]mpleader is proper only if the party has a right to relief under the governing substantive law."[9] The burden of showing that impleader is appropriate rests on the third-party plaintiff.[10]

### III. Discussion

Plaintiff moves to strike the Third-Party Complaint on the following grounds: (1) TD Bank has no right to indemnity or contribution under the FCRA; (2) TD Bank's claims in the Third-Party Complaint are separate and independent from Plaintiff's claims under the FCRA; and (3) allowing the Third-Party Complaint will unnecessarily complicate and delay these proceedings. TD Bank responds that because it asserts a state law claim for fraud, it does not matter that it has no right to indemnity or contribution under the FCRA. Furthermore, TD Bank argues that the factual issues alleged by Plaintiff are identical to the facts that support its claim

---

[6] *Adm. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003).

[7] *Id.* (citing *Bethany Med. Ctr. v. Harder*, 641 F. Supp. 214, 217 (D. Kan. 1986)).

[8] *KMMentor, L.L.C. v. Knowledge Mgmt. Pro. Soc., Inc.*, No. CIVA 06-2381-KHV, 2006 WL 3759576, at *2 (D. Kan. Dec. 19, 2006) (citing *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 n.1 (10th Cir.1990)).

[9] *Clark v. Assocs. Comm. Corp.*, 149 F.R.D. 629, 633 (D. Kan. 1993) (first citing *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983); and then citing *In re Dep't of Energy Stripper Well Exemption Litig.*, 752 F. Supp. 1534, 1536 (D. Kan. 1990)).

[10] *Willard*, 216 F.R.D. at 513.

against Weatherall for fraud; thus, it is in the interest of judicial efficiency to allow the Third-Party Complaint to proceed as part of this case, rather than as a separate state court action.

TD Bank concedes that the FCRA does not provide a right to indemnity or contribution, and that its third-party claim is not based on a contractual right to indemnification.[11] Instead, it argues that the Court should exercise supplemental jurisdiction over its third-party state law claim against Weatherall because "[i]ndemnity can be available in ways other than through the statute under which a plaintiff's claim arises."[12] Because its indemnity claim is based on common-law fraud, TD Bank contends that Kansas law is the "governing law" and it should be permitted to implead Weatherall under this governing law, which involves the same discovery, fact-finding, and legal arguments as Plaintiff's FCRA claims.

Given TD Bank's concessions, the issues on this motion are narrow: does Kansas law govern whether TD Bank can seek indemnification and contribution in this matter, and if so, should the Court allow the impleaded claims to proceed under Rule 14? As an initial matter, the Court disagrees with Defendant's contention that Kansas law governs whether it can seek indemnification and contribution. TD Bank pleads as relief for its fraud claim "indemnity for, or contribution toward, its expenses incurred in defending *against the claims in Mr. Fouts's lawsuit*"; and "for indemnity for, or contribution toward, any liability or settlement in connection with *those claims*."[13] The Third-Party Complaint seeks to recover from a Weatherall the amount it becomes liable to pay Plaintiff for violating the FCRA. "Where a third party complaint seeks indemnification or contribution for violation of a federal statute, federal law applies."[14] As TD

---

[11] Doc. 57 at 3.

[12] *Id.* at 3–4.

[13] Doc. 35 at 7 (emphasis added).

[14] *McMillan v. Equifax Credit Info. Servs.*, 153 F. Supp. 2d 129, 132 (D. Conn. 2001) (citing *Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 11129, 1131 (9th Cir. 1998)).

5

Bank concedes, the weight of authority is that indemnification and contribution are not available under the FCRA or the federal common law.[15]

Additionally, to be permissible under Rule 14, the third-party claim must be derivative of Plaintiff's claim, and not merely factually related.  Plaintiff's claims are premised on TD Bank failing to conduct a reasonable reinvestigation of Plaintiff's dispute, and providing inaccurate information to a consumer reporting agency despite knowing or having reasonable cause to believe it was not accurate.  Even assuming as true the allegations of fraud in the Petition and Third Party Complaint, Weatherall did not "actively lead" TD Bank to violate the FCRA by failing to reinvestigate the disputes raised by Plaintiff, or providing inaccurate information to the credit reporting agencies.[16]  Even if there is "but for" causation in the sense that it was only possible for TD Bank to violate the FCRA because Weatherall committed fraud during the application process, it is "too attenuated to support impleader under Rule 14."[17]

TD Bank argues that it may seek indemnity or contribution under state law as a separate remedy for its fraud claim.  The Court disagrees.  First, even assuming this was true, it is not enough for TD Bank to show that its claims share common factual issues with Plaintiff's claims. The third-party claim must be derivative of the original claim, and TD bank concedes that there is no basis in federal law for an indemnity or contribution claim under the FCRA or federal common law.  TD Bank also concedes that there is no contractual basis for indemnity or contribution.

---

[15] *See Mayo v. Synchrony Bank*, No. 16-cv-2747-JWL-TJJ, 2017 WL 1133730, at *3–5 (D. Kan. March 27, 2017) (collecting cases); *McSherry v. Capital One FSB*, 236 F.R.D. 516, 520 (W.D. Wash. 2006) (collecting cases).

[16] *See McMillan*, 153 F. Supp. 2d at 132–33.

[17] *Id.* at 132.

Second, TD Bank's reliance on the unpublished decisions *Anderson v. Nelson*[18] and *Anthony v. Equifax Information Services, LLC*[19] is unavailing. The *Anthony* decision lacks any discussion about whether indemnity or contribution is available as a matter of law under the FCRA; there is no indication that the plaintiff raised that argument. Because Equifax alleged fraud claims that sought contribution for at least some of its liability to the plaintiff, the court found that the third-party plaintiff's fraud claim was derivative and granted motion for leave to file the third-party complaint.[20] Here, Plaintiff has successfully argued any derivative claim for indemnity or contribution is unavailable under the FCRA or federal common law.

In *Anderson*, the court considered third-party state-law claims, including indemnity, in a case involving primary claims under the FCRA. Like in this case, the defendant pleaded, *inter alia*, that "[i]n the event any judgment is entered against [it] . . . that judgment of indemnity and/or contribution for breach of contract and/or negligent and/or fraudulent representations be entered against Third Party Defendants."[21] The court found that, as pleaded, the claim was dependent on whether a judgment was entered against the defendant on the plaintiff's federal statutory claims.[22] Thus, the court applied federal law and recommended dismissal of those claims as pleaded.[23] This outcome is entirely consistent with this Court's decision here to grant Plaintiff's motion to strike. As in *Anderson*, TD Bank pleads that recovery on its fraud claim is dependent on a judgment entered on Plaintiff's FCRA claims.

---

[18] No. 10-1929 (MJD/JJK), 2010 WL 4884670 (D. Minn. Nov. 4, 2010).

[19] No. 2:13-cv-01424-TLN-CKD, 2015 WL 502857 (E.D. Cal. Feb. 5, 2015).

[20] *Id.* at 3.

[21] 2010 WL 4884670, at *3.

[22] *Id.* at *5.

[23] *Id.* at *6.

TD Bank focuses on the fact that the magistrate judge in *Anderson* also recommended that the third-party plaintiffs be allowed an opportunity to amend and "properly assert any common-law claims for breach of contract, negligence, and negligent and/or fraudulent representation."[24]  The court suggested that *damages* for such claims "may be the same sums as would be sought in an indemnification claim," but would not conflict with the federal statutes' purposes by "reliev[ing] the Defendants/Third-Party Plaintiffs of the obligations they owe to Plaintiffs under the statutes."[25]  But here, Defendant does not seek damages for its fraud claim, nor does it seek leave to amend.  It specifically seeks indemnification and contribution for its liability on Plaintiff's FCRA claims.  As Judge James found in *Mayo*, under such circumstances "the procedural method of impleader under Rule 14(a) is not available. . . .  [S]tate substantive law will determine whether [the defendant] may recover against [the third party defendant] once the rights between Plaintiff and [Defendant] are determined."[26]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Strike Third-Party Complaints (Doc. 52) is **granted in part and denied as moot in part**.  Plaintiff's Motion to Strike TD Bank's Third-Party Complaint is **granted**.  The motion to strike Discover's Third-Party Complaint is **moot** in light of those parties' notice of settlement.

**IT IS SO ORDERED.**

Dated: March 30, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[24] *Id.*

[25] *Id.*

[26] *Mayo v. Synchrony Bank*, No. 16-cv-2747-JWL-TJJ, 2017 WL 1133730, at *5 (D. Kan. March 27, 2017); *see also McMillan v. Equifax Credit Info. Servs.*, 153 F. Supp. 2d 129, 132–33 (D. Conn. 2001) .